UNITED STATES of America, Appellee,

v.

Henry James WRIGHT, a/k/a Shawn Denvers and Carolyn Wright, a/k/a Carolyn Denvers a/k/a Lisa Anderson, Appellants.

No. 85–5510.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1986.

Decided Aug. 4, 1986.

Clark's motion for a new trial. *See* 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2540 at 618 (1971).

David A. Schneider and John Paul Woodley, Jr., Richmond, Va., for appellants.

James R. Spencer, Asst. U.S. Atty. (Justin W. Williams, U.S. Atty., Alexandria, Va., Joseph A. LaBella, David W. Grossman, Third Year Law Student on brief), for appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Appellants, Henry James Wright and Carolyn Wright, were convicted of various criminal charges in a trial at which they represented themselves. Both defendants were convicted of income tax evasion in violation of 26 U.S.C. § 7201 (1982) and of obstruction of justice in violation of 18 U.S.C. § 1503 (1982). Appellant Henry Wright was also convicted of transporting women across state lines for the purpose of prostitution in violation of 18 U.S.C. § 2421 (1982) and of interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952 (1982). Appellant Carolyn Wright was also convicted of making false statements to a federal grand jury in violation of 18 U.S.C. § 1001 (1982).

On appeal they raise numerous exceptions, only one of which has merit. We conclude that the district court did not comply with the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(c)(2) (1982), when it brought appellants to trial in less than thirty days from the date on which they first appeared through counsel or expressly waived counsel and elected to proceed pro se; therefore, we reverse.

I

On February 20, 1985, a federal grand jury sitting in the Eastern District of Virginia returned a twelve-count indictment against the appellants. The following day, both appellants were arrested in the State of Maryland. They were returned to Richmond, Virginia, in custody, on March 12, 1985. On March 14, there was a prear-

raignment status conference before the United States District Judge at which the appellants appeared pro se and advised the court that they were anxious to retain an attorney but contended that they could not make arrangements for an attorney while still incarcerated. They indicated that they had been in touch with a Richmond attorney, but that attorneys wanted their fees in advance and there would be some difficulty in getting the necessary money to pay such a fee while they were incarcerated. The judge indicated they could contact attorneys by telephone, and he felt that the necessary arrangements could be made.

On March 19, 1985, Mr. and Mrs. Wright were arraigned before the same district judge, and Mr. Wright made and argued a motion for the reduction of his wife's bond. The court reduced her bond from $100,000 to $25,000, and Mrs. Wright made bond. At the same hearing, the court set the case for trial on April 30, 1985. On March 25, 1985, there was another hearing with the defendants still appearing pro se. At this hearing, Mrs. Wright sought to have the travel restriction lifted. This travel restriction limited her to the Eastern District of Virginia and was a condition of her release on bond. The judge advised Mrs. Wright to contact her lawyer, and if the lawyer felt that it was necessary for her to leave the Eastern District of Virginia, the court would hear such a motion immediately.

On April 11, 1985, Richard Ryder, a Richmond attorney, made an appearance representing Mrs. Wright and filed a motion for continuance of the trial date and modification of the restrictions imposed as a condition of the bond. On the same date Henry Wright filed a number of pre-trial motions pro se on behalf of himself and his wife. On April 16, a hearing was held before the court on Mrs. Wright's motions for modification of her travel restrictions and for a continuance due to the fact that Attorney Ryder had a conflict in another court on April 30. Both motions were denied. The court advised Henry Wright that it was important for him to obtain a lawyer and tried to impress upon him the seriousness of the charges against him. The court also reminded him that the court had reduced Mrs. Wright's bond in order to facilitate the hiring of a lawyer. The judge warned the defendants that he would not allow them to manipulate the docket of the court, and he allowed Attorney Ryder to withdraw as counsel for Mrs. Wright.

On April 22, 1985, Henry Wright filed several pretrial motions on behalf of himself and his wife, including a motion to suppress and a "Notice of Postponement." These motions were denied on April 29 with instructions that a copy of the order denying the motions be hand delivered to the defendants prior to trial on April 30.

On April 30, 1985, the first day of trial, an attorney from Massachusetts, John Cavicchi, appeared in court and advised that he was appearing on behalf of Henry Wright for the purpose of arguing the pretrial motions. It appears that the court interpreted Cavicchi's appearance as a motion for continuance, which the court denied. The trial lasted until May 3, and the defendants represented themselves throughout these proceedings. During the course of the trial, defendants made various motions including a motion for mistrial, a motion for disclosure of the identity of an informant, and a motion for postponement. Following conviction, defendants served notice of intention to appeal, and a separate attorney was appointed for each defendant to brief and argue the appeals.

The appellants raise five exceptions, claiming (1) that the court abused its discretion in denying defendants' motions for continuance to obtain counsel, (2) that the court violated the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), by requiring the trial of the defendants to commence less than thirty days from the date the defendants first appeared through counsel, (3) that the court violated Carolyn Wright's due process rights by permitting her attorney to withdraw from representation and proceeding to trial shortly after his withdrawal, (4) that the court violated the defendants' fifth and sixth amendment rights by trying them without either retained or appointed coun-

sel, and (5) that the court deprived both defendants of their due process rights to be fully, fairly, and adequately represented.

On the third day of trial, the Wrights moved for a mistrial and in ruling upon this motion the court stated:

> It has been the court's observation that the parties have had ample opportunity to retain counsel. They have ample intelligence to know the desirability of being represented by counsel. They have ample resources to pay counsel.... [M]y inclination is to believe that their process has been one of attempting manipulation of the right to counsel in order to obtain continuances or to obtain a mistrial or to obtain reversal on appeal. And I simply think that the court is doing the best it can under the Constitution and the law to assure them a fundamentally fair trial.

> .    .    .    .    .

> I am convinced that the circumstances in which the defendants find themselves is wholly and completely of their own making and that it was done deliberately. The motion is denied.

At the conclusion of the trial the court addressed the defendants and reminded them of his urgings at the arraignment and other pretrial hearings to obtain counsel. He stated:

> I urged you at that time in every way I knew how to get a lawyer and to protect your interests in that way.... I explained to you at that time..., that you were playing a dangerous game. I think I recognized your game as attempting to create error in the trial of a case.

At the time of sentencing, the judge observed:

> There are a number of difficulties with this case when it comes to sentencing. One of the difficulties, however, is not a scintilla of question in my mind that these defendants had every opportunity under the law to a fair and impartial trial by a jury of their peers.

> .    .    .    .    .

> For my own part, I do not question this court's and the magistrate's repeated admonitions to the defendants that they owed it to themselves to retain counsel, nor repeated assurances from defendants that they had the means and the ability to obtain counsel, and they would do so in due time.

> For reasons that I do not understand, a lawyer, which according to the evidence in the case Mr. Wright had actually worked for for a number of years, Mr. Cavicchi, and thus had to be on close and personal terms with him, was retained to come to trial only on the day of trial, and then only for the purpose of asking for a continuance. Whatever benefit the defendants thought they would get from that tactic was not a benefit that a fair and impartial trial entitles them to.

## II

■ There is no merit to the defendants' claims that the trial judge abused his discretion in denying a continuance to allow them to obtain counsel. The judge correctly observed that the defendants were playing a dangerous game in trying to manipulate their claim of right to counsel in an effort to create error. The judge correctly found that they had the opportunity to retain an attorney, they had ample resources to pay such an attorney, and they knew the advantages of being represented by an attorney at trial. The trial judge concluded with ample justification that they were trying to create error.

■ There is no merit to the defendants' claims of denial of constitutional rights under the fifth and sixth amendments because they went to trial without either retained or appointed counsel. A defendant may be required to go to trial without an attorney when he has had a fair opportunity to obtain counsel and does not do so. *Sampley v. Attorney General of North Carolina*, 786 F.2d 610 (4th Cir.1986).

■ Although there was no abuse of discretion by the trial judge in trying the defendants without either retained or appointed counsel, and the defendants' constitutional rights were not violated by such a

trial, the trial judge was in violation of the clear language of 18 U.S.C. § 3161(c)(2) in commencing the trial less than thirty days from the time that the defendants expressly waived counsel and elected to proceed pro se. Section 3161(c)(2) provides:

Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

The language is clear and unambiguous. In order to try an accused on a date sooner than thirty days from the date on which the defendant first appeared through counsel, written consent of the accused is required. In the present case there was no written consent from either Henry Wright or Carolyn Wright.

Attorney Richard Ryder appeared for Mrs. Wright on April 11, 1985, but after his motion for a continuance was denied, he was released from representation because he had a conflict in another court on the date this case was set for trial. If this is considered an appearance through counsel for Mrs. Wright, the trial date commenced less than thirty days from the date of this appearance. If the special appearance by Attorney John Cavicchi could be considered as an appearance through counsel for Henry Wright, this appearance did not occur until the morning of trial and would clearly violate the thirty-day limitation.

If a defendant does not appear through counsel, section 3161(c)(2) provides that the trial may not commence in less than thirty days from the date the defendant "expressly waives counsel and elects to proceed pro se." This language requires an express waiver to trigger the thirty-day period. From the record and the findings of the district court, it is clear that there was in effect a waiver of the right to counsel by implication from the acts or failure to act of the defendants. However, the clear language of the statute requires an express waiver. To have an express waiver, there must be a voluntary, intentional relinquishment of a known right.

The present record will not support a finding of an express waiver by the defendants, and the trial judge did not find that there was an express waiver. Without such a finding and without an appearance through counsel, the thirty-day limitation contained in (c)(2) never began to run.

The government contends that this case is controlled by *United States v. Wooten*, 688 F.2d 941 (4th Cir.1982) and calls particular attention to the following language:

What section 3161(c)(2) does is simply to guarantee to the criminal defendant the right to a delay of at least thirty days between arraignment and trial in any circumstances. This guarantee is in addition to or supplementary to any other rights that the defendant may have under recognized legal principles for a continuance beyond those thirty days as given him by 3161(c)(2). What the statute does not give the criminal defendant is the right, by filing dilatory motions, to extend on his own the date of his trial. The power to extend the time of trial beyond the thirty-day period lies with the trial judge in the exercise of his informed discretion exercised in keeping with established principles of fairness and justice.

*Id.* at 951. *Wooten* did not involve a question of waiver under § 3161(c)(2). Rather, the court found that the minimum time set forth in § 3161(c)(2) was not extended by the periods of excludable time set forth in § 3161(h).

It is well established that the trial judge and not the defendant controls the calendar of the court, the scheduling of trials, and the granting of continuances. A defendant has no right to extend his date of trial by filing dilatory motions, and he has no right to extend the time by a course of conduct in which he refuses to employ counsel, but does not ask the court to appoint counsel for him. When a defendant embarks on such a course of delay, the trial judge must take action in order to start the running of the time clock provided in (c)(2).

■ When faced with a defendant who delays in the employment of an attorney, who will not request the appointment of an attorney by the court, and who will not expressly waive his right to an attorney, the trial judge should bring such defendant into court and make a finding on the record that the actions or lack of actions of the defendant are the voluntary and intentional relinquishment of his known right to be represented by an attorney and that defendant's actions will be treated as an election to proceed pro se. The trial judge should then set a date for trial not less than thirty days in the future, and he should advise the defendant that his trial will commence on that date whether he is represented by an attorney or whether he appears pro se.

This is a difficult decision because the trial judge recognized that the defendants were intentionally trying to disrupt the calendar of the court, and if possible, to create error in the process. Regrettably, the defendants' ploy has succeeded because of the clear language of (c)(2) and the trial judge's failure to protect the record by making a finding of express waiver, thereby beginning the running of the thirty days.

The Speedy Trial Act sets forth no specific remedy for a violation of the time requirements of § 3161(c)(2). We likewise establish no inflexible remedy but hold only that the circumstances of this case appear to warrant a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.