UNITED STATES of America,
Plaintiff-Appellee,

v.

Frieda M. GROSSHANS,
Defendant-Appellant.

No. 86–1727.

United States Court of Appeals,
Sixth Circuit.

Argued May 14, 1987.

Decided June 30, 1987.

Rehearing and Rehearing En Banc
Denied Aug. 13, 1987.

Arthur Jay Weiss (argued), Farmington Hills, Mich., for defendant-appellant.

Stephen Hiyama (argued), Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before KEITH, KENNEDY and NORRIS, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Defendant-appellant Frieda M. Grosshans ("defendant") appeals the District Court's entry of judgment of conviction on five counts of tax evasion in violation of 26 U.S.C. § 7201. Defendant claims on appeal that a waiver of her right to counsel may not be inferred from the record and that she was forced to choose between proceeding with incompetent counsel or proceeding *pro se*. She also asserts that the District Court violated the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), and erred in admitting evidence of defendant's other crimes, bad acts and wrongs, for the purpose of proving propensity to commit the alleged crime. We find that a knowing and intelligent waiver by defendant can be inferred from the record. We further find that the District Court failed to comply with the Speedy Trial Act when it failed to secure an express waiver, but we hold that a new trial is not required because defendant was not prejudiced. Finally, we hold that the District Court did not err in admitting evidence of defendant's prior acts.

In February of 1986, a grand jury in Detroit returned a five-count indictment charging defendant with tax evasion for the years 1980 through 1984, in violation of 26 U.S.C. § 7201. The indictment alleged that in each of those five years defendant filed a false W-4, claiming exemption from withholding; failed to file an income tax return; and failed to pay her income tax. The day after the indictment, the government sent a letter to defendant notifying her of the indictment and informing her that her arraignment would be held on February 19, 1986. The letter also stated that defendant could have an attorney present at the arraignment and that if she could not afford an attorney, she should contact the Federal Defenders Office. On February 19, defendant appeared before a federal magistrate. She had not retained an attorney and the arraignment was adjourned until February 28 so she could do so.

On February 28, defendant again appeared before a federal magistrate without

counsel. She stated that she had been ill and had been unable to find an attorney. She asserted that she still wished to have an attorney. A deputy federal defender gave her the card of the Federal Defenders Office and defendant was told·that someone from that office could represent her if she could not find an attorney. The arraignment was adjourned until March 5 to allow defendant to retain counsel. On March 5, defendant appeared before the magistrate without counsel and explained that she had a meeting scheduled with an attorney two days later. The magistrate entered a plea of not guilty and the Assistant United States Attorney read the indictment aloud. Defendant stated that she had a copy of the indictment, but refused to sign an acknowledgment form. On March 11, defendant once again appeared before a federal magistrate without counsel, this time in chambers for a pretrial conference. She claimed that several attorneys had refused to represent her.

On March 24, defendant filed a motion entitled "Motion for Counsel or Co-Counsel of Choice." Defendant requested representation by a non-member of the bar. At a hearing on April 10, the District Court informed defendant that she was not entitled to representation by a person who was not licensed to practice law. The court told defendant that either she must get an attorney herself or he would appoint a member of the Federal Defenders Office to represent her, but defendant said she would not agree to that. The court then stated that defendant was entitled to represent herself if she so chose, but that the court would appoint an attorney to be available to assist her. It concluded that "[w]e have done absolutely everything we could to get you to consider having an attorney who is licensed to practice law in the State of Michigan. You haven't come up with one yet." Joint Appendix at 253. Trial was set for May 19, 1986.

The Federal Defenders Office referred defendant's case to a private attorney, Mr. Patrick Cleary. The District Court docket sheet does not indicate an appearance by Mr. Cleary, but shows that on May 12 he was allowed to withdraw from the case.

Mr. Cleary later testified on the record that he had· made several attempts to contact defendant soon after he was appointed. He stated that defendant did not return his calls. When he finally contacted her, she indicated to him that she intended to represent herself. Defendant apparently inquired about Mr. Cleary's professional experience. He informed her that he was an experienced criminal attorney, although he had not tried a tax case before. He stated that he was prepared to try the case, but defendant insisted that she did not want counsel. Mr. Cleary then called the District Court and requested a meeting. At the meeting on May 12, the District Court apparently asked defendant if she wanted to represent herself and she answered affirmatively. Mr. Cleary was allowed to withdraw. Unfortunately, we have no transcript of that meeting.

On May 29, four days before the rescheduled trial date of June 2, defendant filed a "Motion for Court to Honor Accused's Right to Proper Defense and Arrange Schedule to Allow Expert Summary Witness to be Present at Trial." She claimed that she needed an "expert summary witness" present at trial in order to conduct a proper defense because Mr. Cleary "admitted he was incompetent to defend properly in this case." Joint Appendix at 70. Defendant's witness would apparently be present to take notes on the proceedings. The court denied defendant's motion for a continuance but stated that defendant's witness would be allowed to be available at trial. At this point in the proceedings, the court again noted that "defendant has been afforded the opportunity on many occasions to have counsel available for her defense. Defendant has consistently refused." Joint Appendix at 72.

On June 2, the first day of trial, the government requested that the court make a finding on the record of waiver of counsel by defendant. The government stated that it was concerned that the record would not indicate waiver. It was particularly worried about the statement in defendant's motion for continuance that defendant needed an expert summary witness present

because she was forced to proceed *pro se.* At this point, Mr. Cleary testified regarding what had happened when he tried to assist defendant. The following interchange between defendant and the court then took place:

> THE COURT: Ms. Grosshans, is it still your desire to represent yourself in this case?
>
> MS. GROSSHANS: Your Honor, under the circumstances, since I have been refused counsel of my choice, I have no other choice but to represent myself because I have not found an attorney who can defend inalienable rights.
>
> THE COURT: Well, I can hardly make somebody represent you. There is certainly no rhyme or reason why you should have someone forced upon you that you do not desire to have represent you.
>
> You have asked at an earlier point in these proceedings to have a non-lawyer represent you. You absolutely do not have a right to have a non-lawyer represent you and the Court will not permit it and that is the end of the discussion.
>
> MS. GROSSHANS: I object to that, your Honor.
>
> THE COURT: And so as I understand it, then, ... the position in which I find myself is that you have the right to proceed to represent yourself and you are prepared to do so here today.
>
> It is my duty to make a determination that your waiver of counsel is knowingly made and voluntarily made. I am satisfied that it is; that there is no question in my mind from my association with you over the past few months and you appear to be mentally competent to make the decision to appear pro se.
>
> We have had discussions earlier about the disadvantage of self-representation have we not?
>
> MS. GROSSHANS: Yes.

Joint Appendix at 260–61. The court noted again that it had tried to get defendant to accept counsel and she had repeatedly refused. It stated that Mr. Cleary was a very experienced trial lawyer and that the court could appoint him to assist her in the trial, even if she insisted on representing herself. The court finally stressed that Mr. Cleary would be more aware of the possible defenses to the charges and the procedural aspects of the case. Defendant again stated that she wanted only counsel of her choice, a non-lawyer.

The evidence at trial indicated that defendant had worked for the United States Postal Service and that her wages during the tax years in question ranged from $15,838.43 to $27,378.86. Before 1980, defendant had filed income tax returns and paid her federal taxes. Beginning in 1980, defendant declared herself exempt from withholding and failed to file an income tax return. She continued to make substantial wages and owed taxes for each year from 1980 to 1984. Defendant asserted at trial that she believed that wages were not income and that filing a tax return was a form of compelled self-incrimination. On June 23, 1986, the jury convicted defendant of five counts of tax evasion. On August 7, the District Court sentenced defendant to five years imprisonment, five years probation, and a fine of $25,000. Defendant appeals this conviction.

## I.

This Court recently addressed "the question of the type of record necessary to establish a defendant's waiver of counsel is knowing and intelligent." *United States v. McDowell,* 814 F.2d 245, 249 (6th Cir.1987). The record must show "that an accused was offered counsel but intelligently and understandingly rejected the offer." *Id.* at 248 (quoting *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)). It is impermissible to presume waiver from a silent record. The Court stressed the competing interests underlying the right to counsel and the right to self-representation:

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forego [sic] those relin-

quished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."

*Id.* at 249 (quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)). This Court held that, based on a reading of the record as a whole, the defendant waived his right to counsel with his "eyes open." It particularly stressed the findings that the defendant was "not a stranger to the courts, [ ] knew he was entitled to counsel, and [ ] was not faced with a situation of enduring representation by counsel he considered ineffective or being forced to proceed immediately on his own." *Id.* at 249.[1]

■ In the case before this Court, defendant claims that this Court cannot infer a knowing and voluntary waiver of her right to counsel because the record is silent. She also alleges that she was forced to choose between proceeding with incompetent counsel and proceeding *pro se.* In fact, there are several interchanges between the District Court and defendant on the record regarding her waiver of counsel. At each of the proceedings before a federal magistrate, defendant appeared without counsel. The magistrate informed her of her right to counsel, at one proceeding instructed her to contact the Federal Defenders Office, and adjourned the proceeding to allow her time to retain an attorney. Concerning her motion for representation by a layperson, the court informed defendant that she was not entitled to such representation and appointed a member of the Federal Defenders office. When defendant informed the appointed attorney that she desired to represent herself, the court asked defendant if this was the case before allowing the attorney to withdraw. The court repeatedly attempted to convince defendant to retain an attorney or to allow an attorney to assist her at trial. Finally, at the hearing conducted on the morning of trial, the court found on the record that defendant had refused for several months to obtain an attorney, that she was well aware of her rights regarding representation, that she knew of the disadvantages of self-representation, and that she nevertheless intended to represent herself.[2] We find that the record supports the District Court's finding that defendant knowingly and voluntarily waived her right to counsel and elected to proceed *pro se.*

■ Defendant's argument that she was forced to choose between proceeding with incompetent counsel or proceeding *pro se* is without merit. The attorney referred to the case by the Federal Defenders Office was an experienced criminal trial attorney. He had not tried a case involving a tax protester, but as the court pointed out, few attorneys have tried such a case. His lack of experience in tax protester cases did not render him incompetent to represent defendant. Defendant apparently objected to Mr. Cleary because he did not share her beliefs regarding the legality of the tax system. Defendant does not, however, have a right to counsel who shares her political beliefs. *See United States v. Udey,* 748 F.2d 1231, 1242–43 (8th Cir.1984) (holding that the right to counsel does not imply the right to counsel who shares beliefs about the tax laws), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985). Defendant was not in a position of being forced to represent herself because her appointed attorney was not competent to represent her.

## II.

Defendant also argues on appeal that the District Court violated the Speedy Trial

---

**1.** The *McDowell* Court invoked its supervisory powers to set out a model inquiry to be made on the record in future cases involving a waiver of counsel. *McDowell,* at 249–50.

**2.** In fact, during this period, defendant filed pro se at least twelve motions with supporting briefs, including a "Notice and Demand for Dismissal for Lack of Jurisdiction," "Motion to Dismiss Indictment As There Is No Tax 'Due and Owing,'" and "Motion for Order of Disclosure of Transcript of Grand Jury Proceedings."

Act, 18 U.S.C. § 3161(c)(2), which provides in relevant part that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." Defendant claims that there was no appearance by counsel nor did she ever *expressly* waive her right to counsel. She thus concludes that the thirty-day period provided for by section 3161(c)(2) was never triggered in her case and the court violated the Speedy Trial Act by commencing trial when it did.

In support of her argument that section 3161(c)(2) requires an *express* waiver of the right to counsel, defendant relies on a decision of the Fourth Circuit in which the court held that:

> From the record and the findings of the district court, it is clear that there was in effect a waiver of the right to counsel by implication from the acts or failure to act of the defendants. However, the clear language of the statute requires an express waiver. To have an express waiver, there must be a voluntary, intentional relinquishment of a known right.
>
> The present record will not support a finding of an express waiver by the defendants, and the trial judge did not find that there was an express waiver. Without such a finding and without an appearance through counsel, the thirty-day limitation contained in (c)(2) never began to run.

*United States v. Wright*, 797 F.2d 171, 175 (4th Cir.1986). The court found error warranting a new trial. *Id.* at 176. The court did recognize, however, the problem with its position. It noted that "[t]his is a difficult decision because the trial judge recognized that the defendants were intentionally trying to disrupt the calendar of the court, and if possible, to create error in the process." *Id.* at 176. The court decided that when a trial court is faced with a

defendant who refuses to either retain or expressly waive counsel, the court must

> bring such defendant into court and make a finding on the record that the actions or lack of actions of the defendant are the voluntary and intentional relinquishment of his known right to be represented by an attorney.... The trial judge should then set a date for trial not less than thirty days in the future, and he should advise the defendant that his trial will commence on that date whether he is represented by an attorney or whether he appears pro se.

*Id.* at 176.

■ Although we hold that the record supports the District Court's finding that defendant knowingly and intelligently waived her right to counsel, we are unable to find that defendant *expressly* waived the right more than thirty days prior to the commencement of trial. In fact, we do not know whether the District Court could have obtained an express waiver in view of defendant's demand for representation by a layperson. We are also unable to determine from the record when Mr. Cleary began his representation of defendant. Although the May 12 meeting might be construed as an appearance through counsel, it did not take place thirty days before the commencement of trial. Because there was neither an express waiver nor an appearance through counsel more than thirty days earlier, we conclude that in commencing trial when it did, the District Court failed to comply with the Speedy Trial Act. We also hold, however, that the sanction of a new trial is not appropriate in the case before us.

■ Section 3161(c)(2) of the Speedy Trial Act was passed to address the concern that a defendant be allowed sufficient time to prepare for trial. The Speedy Trial Act does not provide a specific sanction for violations of this provision's time requirements as it does for violations of other time provisions.[3] We hold that, in light of Con-

---

3. For example, section 3162(a)(1) requires dismissal of pending charges if the arrest-to-indictment time limit specified in section 3161(b) is violated. Section 3162(a)(2) requires dismissal of an indictment when a defendant is not brought to trial within the period established by section 3161(c)(1).

gress' failure to provide a sanction and the purpose of section 3161(c)(2), defendant must demonstrate that she was prejudiced by the untimely commencement of trial in order to obtain a new trial. *Cf. United States v. Anderton,* 752 F.2d 1005, 1008 (5th Cir.1985) (holding that a defendant must show prejudice in order to win reversal of a conviction for a violation of section 3161(j)). Defendant has not met this burden. She did not raise the Speedy Trial Act claim before the District Court. The Court of Appeals for the Eighth Circuit has held that where a defendant failed to raise the claim of violation of the thirty-day requirement at the trial level the defendant effectively waived the right to raise it on appeal. *See United States v. Ferguson,* 776 F.2d 217, 221–22 (8th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). We agree. Had defendant raised the statutory violation, there is no reason to believe that the District Court would not have corrected any error. Defendant had several months in which to prepare her case. The pretrial proceedings and the trial itself were repeatedly postponed due to her refusal to obtain an attorney and her insistence on representation by a layperson. Finally, defendant has not claimed that she was in any way prejudiced by the commencement of trial on June 2. We hold that a new trial is not required in this case because there is no indication of prejudice.

### III.

Defendant finally claims that the evidence of prior acts and wrongs allegedly committed by defendant was inadmissible because it was more prejudicial to defendant than probative. The evidence that she claims was inadmissible was evidence that she had attended "tax protestor" meetings and that she had attempted to satisfy financial obligations with two "Public Office Money Certificates." Defendant claims that this evidence was admitted to prove propensity to commit the crimes with which she was charged, not to prove intent as the government claimed.

Defendant must establish that the admission of the evidence was plain error be-

cause she failed to object at the time of admission. Fed.R.Crim.P. 52(b). We find that it was not error for the District Court to admit the evidence. To prove tax evasion under 26 U.S.C. § 7201, the government must prove willfulness, or a specific intent to disregard a known legal duty. The government introduced the evidence to demonstrate willfulness on the part of defendant. We agree that defendant's prior actions tend to demonstrate that she knew what she was doing and knew that she had an obligation to pay taxes.

### IV.

We find that the record supports a knowing and voluntary waiver by defendant of her right to counsel. We also find that the record does not contain an *express* waiver of that right made more than thirty days prior to the commencement of trial as required by the Speedy Trial Act. We hold, however, that defendant did not prove that she was prejudiced by the commencement of trial on June 2 and is therefore not entitled to a new trial. Finally, we hold that the District Court did not err in admitting evidence of defendant's prior acts to prove intent.

Accordingly, the judgment of the District Court is affirmed.