862 F.2d 871
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry James WRIGHT, a/k/a Shawn Denvers; Carolyn Wright,
a/k/a Carolyn Denvers, a/k/a Lisa Anderson,
Defendant-Appellant.
 No. 86-5685.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 20, 1988.
Decided: Nov. 17, 1988.
 
 Henry James Wright, Carolyn Wright, appellants pro se.
 William Graham Otis (Office of the United States Attorney), for appellee.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry Wright and Carolyn Wright, proceeding pro se, appeal their convictions. Henry Wright was convicted of tax evasion, transportation of women interstate for prostitution and interstate transportation in aid of racketeering. Carolyn Wright was convicted of tax evasion and making a false statement to a grand jury.
 
 
 2
 Although the Wrights requested and were granted permission to file formal briefs, they have filed no briefs at all. Their motion requesting formal briefs alleged numerous errors in their trial, however, which we consider here. The motion also suggested that their right to proceed pro se in the second trial had been abridged. We noted that Henry Wright did proceed pro se through most of the pretrial proceedings, until he requested that counsel be appointed for him. Mrs. Wright similarly made clear her desire to be represented by a lawyer. We note also that the Wrights were provided with transcripts of all recorded proceedings from both trials in order to aid their preparation of this appeal.
 
 
 3
 The Wrights first argue that the evidence was insufficient to support their convictions. The evidence showed that the Wrights had been involved in prostitution in New England and New York before coming to Virginia in 1982, that they continued this business after their arrival in Virginia, and that the Wrights regularly misrepresented their identities, occupations and incomes.
 
 
 4
 In 1981, when she went into a hospital to have a baby, Carolyn Wright listed herself as on welfare and her husband as unemployed. A few months later she paid $27,000 cash for a new Cadillac. Henry Wright became the subject of an Internal Revenue Service (IRS) investigation at this time, which ultimately concluded that he had failed to pay taxes owed for the years between 1971 and 1976.
 
 
 5
 In June, 1982, the Wrights moved to Richmond, Virginia, where Henry Wright assumed a new identity as Shawn Denvers, representing himself at times as a subcontractor and at other times as an advertising executive. The Wrights rented a house under the name Denvers, and Carolyn Wright rented an apartment from which they operated their prostitution business. Dealing in cash or cashier's checks, Henry Wright bought a building lot for $15,000, rented a second house and then made a down payment on it of $25,000. After moving into this house, the Wrights renovated the house and bought large amounts of furniture for it.
 
 
 6
 In 1983 Carolyn Wright filed a tax return indicating that she had a hair-dressing business and an income of $65,000. Of the $12,000 tax owing, only $2,100 was paid. Carolyn Wright was admitted to a hospital four times in 1983; each time she represented herself as unemployed and showed her nearest relative as being Shawn Denvers, a cousin or brother-in-law.
 
 
 7
 In 1984, the IRS began investigating Shawn Denvers, whom they had connected to Henry Wright. At this point, the Wrights set-up a family corporation ("Changes") with Carolyn Wright as its general partner. They then bought, with cash and in the company's name, a second car which was less conspicuous than their Cadillac. Henry Wright also transferred ownership of most of his property to Carolyn.
 
 
 8
 Evidence concerning the Wrights was eventually presented to a grand jury. Carolyn Wright wrote a letter to the grand jury, stating that both she and Shawn Denvers were permanent residents of New York, that the house in Virginia was her summer house only, that Shawn Denvers was her purchasing agent, and that Shawn Denvers owned nothing and had no need to pay taxes on any of her property.
 
 
 9
 In the fall of 1984, Henry Wright took three of his prostitutes to Baltimore to work for him. One of them had become a confidential informant for the Federal Bureau of Investigation, however, and Henry Wright was arrested in a hotel room there. On these facts, we find that sufficient evidence was presented to support the jury's verdicts.
 
 
 10
 The Wrights next argue that they were the victims of prosecutorial misconduct in that their prosecution was barred by collateral estoppel and constituted double jeopardy. The Wrights had been convicted of these offenses in an earlier trial but their convictions were reversed because of a violation of the Speedy Trial Act. United States v. Wright, 797 F.2d 171 (4th Cir.1986). Because they were not acquitted in the first trial, the second trial is not barred by collateral estoppel. Ashe v. Swenson, 397 U.S. 436 (1970). Because their convictions in the first trial were reversed for a technical error, not for insufficient evidence, double jeopardy does not bar retrial. United States v. Coward, 669 F.2d 180, 183 (4th Cir.), cert. denied, 456 U.S. 946 (1982).
 
 
 11
 Certain property in Henry Wright's possession--jewelry, money and a watch--was seized at the time he was arrested and introduced into evidence. Although Henry Wright maintained strenuously before trial and at trial that these items belonged to his wife, he moved, on Carolyn Wright's behalf, to suppress this evidence. Carolyn Wright did not object to its use at trial. The district court properly denied Henry Wright's motion on the ground that he had no standing to object to the seizure of Carolyn Wright's property, in which he had no reasonable expectation of privacy. Rawlings v. Kentucky, 448 U.S. 98 (1980); United States v. Perez, 574 F.Supp. 1429, 1435 (E.D.N.Y.1983), aff'd, 740 F.2d 122 (2d Cir.1984), cert. denied, 471 U.S. 1055 (1985) (defendant lacked standing to challenge introduction of money belonging to codefendant).
 
 
 12
 The Wrights allege that they victims victims of vindictive and selective prosecution; however, they make no showing that their prosecution was motivated by discriminatory intent or a desire to prevent the exercise of their constitutional rights, as is necessary to sustain this contention. United States v. Barber, 668 F.2d 778 (4th Cir.), cert. denied, 459 U.S. 829 (1982). They also claim that the prosecution used perjured testimony against them. Again, they fail to show that the testimony of the confidential informant was false or that any testimony which was false was knowingly and intentionally used by the prosecutors. McBride v. United States, 446 F.2d 229, 232 (10th Cir.1971), cert. denied, 405 U.S. 977 (1972).
 
 
 13
 This Court can discern no error in the jury instructions which the Wrights contend were prejudicial and erroneous. Nor do we find that the jury's verdicts were contrary to law or the weight of the evidence, or that the jury was asked or allowed to decide legal questions. There was no error in the dismissal of two counts of the indictment with the government's agreement. Both counts appear to have cited the wrong statute for the crimes charged. The defendants were helped, not hurt, by the dismissal of these charges.
 
 
 14
 The Wrights' allegation that their court-appointed attorneys were ineffective and malicious is premature. It should be raised in a motion under 28 U.S.C. Sec. 2255, rather than on appeal. United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982).
 
 
 15
 Finally we can discover no irregularity in the sentences imposed. The sentencing judge suspended execution of Carolyn Wright's two-year sentence, placed her on probation and required her, as a special condition of probation, to execute a bill of sale or deed of gift of the jewelry and the watch which were introduced as evidence, to the United States to be applied to the cost of prosecution and the balance, if any, to be used to pay her unpaid taxes. As 26 U.S.C. Sec. 7201 permits imposition of the costs of prosecution, and 18 U.S.C. Sec. 3651 permits that payment of assessed back taxes be made a condition of probation, the condition imposed here was not illegal. United States v. Vaughn, 636 F.2d 921 (4th Cir.1980) (costs of prosecution); United States v. Merritt, 639 F.2d 254 (5th Cir.1981) (payment of taxes owed). Furthermore, the condition was clearly intended to aid Carolyn Wright's rehabilitation and is permissible for this purpose. See United States v. Margala, 662 F.2d 622 (9th Cir.1981); Higdon v. United States, 627 F.2d 893, 899 n. 14 (9th Cir.1980).
 
 
 16
 Accordingly, we affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.