878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William J. GONIWICHA, Defendant-Appellant.
 No. 88-1963.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant, William Goniwicha ("Goniwicha"), appeals from his conviction, after jury trial, on six counts of income tax evasion, 26 U.S.C. Sec. 7201. Goniwicha's primary argument on appeal is that the cross-examination of Goniwicha by the government concerning Goniwicha's association with tax protestors, and his familiarity with their legal difficulties, denied him due process. We affirm.
 
 
 2
 The facts of this case are uncomplicated. Goniwicha failed to pay income taxes due for the tax years 1981 to 1986. During that period, Goniwicha executed withholding forms on which he claimed exemption from withholding of federal income taxes. Goniwicha's federal income taxes for the same period have been calculated as $71,136.87.
 
 
 3
 Goniwicha's defense at trial was that he did not willfully evade the payment of his taxes, as required by the statute, because he held a good faith belief that wages were not income. On direct examination, Goniwicha testified as to the manner in which he came to hold this belief:
 
 
 4
 Q. How is it that you came to this conclusion or belief that wages are not income?
 
 
 5
 A. Well, it was over a matter of time and having talked to different individuals and looking as to how our country has been going, proceeding. And it just didn't hit me all at once. It's been a period and an education for me....
 
 
 6
 ... And then eventually I started hearing about, like, some of these organizations and attending some of the meetings and even right then and there, you know, more and more information just started building up and that.
 
 
 7
 Joint Appendix at 101. During cross-examination, while Goniwicha was being questioned in detail about the sources of his belief that wages were not income, the prosecutor asked him if he knew a series of people, including Kevin Kreske [sic].[1] The following exchange then took place:
 
 
 8
 Q Sir, are you aware that some of these individuals had the same philosophy you did, that wages weren't income?
 
 
 9
 A The exact same thing? It's possible.
 
 
 10
 Q And do you know that they had court cases as well?
 
 
 11
 A I know some of them had court cases. What they were charged with, I do not know.
 
 
 12
 Q Do you know what the disposition in those cases were?
 
 
 13
 A Not really. You know, it's ...
 
 
 14
 Q What do you mean by "not really"?
 
 
 15
 A Well, I understand that, okay, Kevin Kreske was, you know, imprisoned, but I don't know what he was charged with and I don't know what his disposition is, you know.
 
 
 16
 Q Do you know that he went to trial on tax evasion, as well, and that his philosophy was that wages weren't income?
 
 
 17
 A I did not know that was the charge.
 
 
 18
 Q Did you know that that was his philosophy?
 
 
 19
 A I have not talked to Kevin Kreske.
 
 
 20
 Joint Appendix at 95-6. No objection was made at the time these questions were asked. After Goniwicha rested, defense counsel moved for a mistrial; this motion was denied.
 
 
 21
 On appeal, Goniwicha argues that the prosecutor's cross-examination concerning Goniwicha's association with "tax protestors," some of which had "cases," and one of which had been convicted of tax evasion, constituted the urging of guilt by association and prejudicial error. We do not agree.
 
 
 22
 We note initially that there was no contemporaneous objection made when the complained-of questioning took place, and that, therefore, Goniwicha's conviction may be reversed only if the questioning constituted plain error. Fed.R.Crim.P. 52(b). Plain errors have been defined as "particularly egregious errors ... that seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985) (citations omitted). "[T]he plain error exception to the contemporaneous-objection rule is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." 470 U.S. at 15, citing United States v. Frady, 456 U.S. 152 at 163, n. 14.
 
 
 23
 Under the circumstances of this case, the complained-of questions did not amount to plain error. Where the defense is a good faith belief that wages are not income, it is obviously relevant to show that the defendant knew of others who had gone to jail for acting upon the same belief. See United States v. Buras, 633 F.2d 1356, 1360 (9th Cir.1981). Moreover, the attendance of Goniwicha at meetings with tax protestors is also relevant to the issue of willfulness. United States v. Grosshans, 821 F.2d 1247, 1253 (6th Cir.1987).
 
 
 24
 Goniwicha argues that it was improper for the prosecutor to ask him if he knew that Krzyske had been tried for tax evasion after Goniwicha testified that he did not know what Krzyske was charged with. However, we cannot say that the question was plain error when even a generous reading of that portion of the transcript reveals a reluctant, evasive witness from whom an "I don't know" response might fairly have been taken as an invitation to further questioning rather than as a definitive answer.
 
 
 25
 Accordingly, for the foregoing reasons, the judgment is affirmed.[2]
 
 
 
 [1]
 The correct spelling is "Krzyske."
 
 
 [2]
 Goniwicha, in propria persona, raises several utterly frivolous arguments, including his contention that wages are not income. Although we have considered them, none require any discussion as to why they are without merit