991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles W. GARLAND, Defendant-Appellant.
 No. 91-6307.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1993.
 
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant Charles Garland was convicted by a jury of possession of crack cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Garland now appeals his conviction, arguing that evidence was improperly admitted, that the evidence was insufficient to support the verdict, and that prejudicial statements during closing arguments necessitate a new trial. We affirm.
 
 
 2
 * On April 8, 1991, Memphis Police Department Officer McCaskill was leaving the scene of a disturbance call at the Range Line Apartments. He observed appellant Garland standing near the window of a black Toyota, occupied by Michael Richardson. McCaskill also observed what he believed to be crack cocaine in Garland's hand.
 
 
 3
 McCaskill approached the two men. Seeing the officer approach, Garland put the alleged contraband in his left front pocket, grabbed a shoe box from the back of the Toyota, and began playing with the box. Garland then turned to McCaskill and began to explain that he was selling shoes to Richardson. Officer McCaskill then removed the crack cocaine from Garland's pocket and placed him under arrest. McCaskill observed a bulge in Garland's pocket. He performed a visual search for weapons, and placed Garland in the back seat of the squad car.
 
 
 4
 The officer then turned his attention to Richardson. He questioned him, asked him to get out of the car, and then took him to the squad car. Upon opening the back door of the squad car for Richardson, McCaskill observed five plastic bags of crack cocaine. McCaskill testified that he checked his car one hour before, and that no drugs were present.
 
 
 5
 Officer Smith then arrived at the scene. He searched Garland, and found a beeper and a wallet containing $608. The officers then searched Garland's car and found $1,350 in the glove compartment, a carphone, radar detector, and shoeboxes. The officers then took Garland to the police station.
 
 
 6
 On April 9, 1991, a criminal complaint was filed charging Garland with unlawfully, knowingly, and intentionally possessing, with intent to distribute, approximately 16 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). 13.9 grams were found in the police car. The remainder was removed from Garland's pocket. Garland did not file any pretrial motions. In June, a jury trial commenced. The officers testified that the above stated events occurred. Toxicologists also testified that the contraband was crack cocaine. Garland testified in his own defense.
 
 
 7
 The jury found the defendant guilty, and the court sentenced him to seventy months of imprisonment, to be followed by four years of supervised release. Garland then brought this timely appeal.
 
 II
 
 8
 Garland first argues that the officer's search violated his constitutional rights. Garland challenges the search of his person for the first time on appeal. Rule 12(b)(3), Fed.R.Crim.P., provides that motions to suppress evidence must be raised prior to trial. This court has repeatedly held that failure to file a timely motion to suppress constitutes waiver, and therefore an appellate court is without jurisdiction to consider the issue. United States v. Crismon, 905 F.2d 966 (6th Cir.1990); United States v. Oldfield, 859 F.2d 392 (6th Cir.1988); United States v. Sachs, 801 F.2d 839 (6th Cir.1986). United States v. Woods, 544 F.2d 242, 251 (6th Cir.1976), cert. denied, 430 U.S. 969 (1977). Accordingly, this court does not have jurisdiction to hear this argument.
 
 III
 
 9
 Garland next argues that the evidence was insufficient to support the verdict. He argues that the evidence found inside the police car cannot be traced to him. When Officer McCaskill returned to the squad car with Garland's friend, he noticed five bags of crack cocaine, which later were found to weigh 13.9 grams. This crack cocaine was the majority of the drugs attributed to Garland. The officer admittedly never saw the 13.9 grams in Garland's possession, and the bags were never tested for fingerprints. Garland contends that, based upon these facts, there was insufficient evidence that he possessed these drugs in violation of 18 U.S.C. § 841(a)(1).
 
 
 10
 In reviewing a verdict for sufficiency of the evidence, this court does not weigh the evidence or determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457 (1942). More recently, the Supreme Court has stated that, if there is sufficient evidence for a rational trier of fact to reach the stated verdict, an appellate court must affirm. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979).
 
 
 11
 Garland failed to satisfy this burden. A guilty verdict may be based upon circumstantial evidence. United States v. Stone, 748 F.2d 361 (6th Cir.1984); United States v. Copper, 577 F.2d 1079 (6th Cir.), cert. denied, 439 U.S. 868 (1978). In this case, the evidence demonstrated that one hour before the arrest, the officer checked his car and did not find any controlled substances. One hour later, Garland was inside the car, and drugs were present in the back seat. The officer further testified that he noticed a bulge in one of the defendant's pockets, but did not check it. Upon searching Garland and his automobile, the officers found 2 grams of crack cocaine, almost $2,000, a beeper, and a mobile phone. Given these facts, a rational trier of fact could conclude beyond a reasonable doubt that Garland possessed the crack cocaine found in the police vehicle.
 
 IV
 
 12
 Garland contends that the following statement made in closing argument was improper:
 
 
 13
 If you can recall at the beginning of the trial during the voir dire, the judge instructed you that the defendant is to be presumed innocent. When the government came forward with this evidence, that presumption was rebutted. That presumption was no longer there.
 
 
 14
 Garland contends that this statement mandates reversal, because it led the jury to believe that the presumption of innocence no longer applied. Defendant appeals a statement to which he did not object. Accordingly, this Court may review the statement in question only for "plain error." Fed.R.Crim.P. 52(b); United States v. Grosshans, 821 F.2d 1247 (6th Cir.), cert. denied, 484 U.S. 987 (1987). Plain error review is discretionary, and used solely in those situations where a miscarriage of justice would otherwise result. Finch v. Monumental Life Ins. Co., 820 F.2d 1426 (6th Cir.1987). Plain errors are those "which are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial." United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988).
 
 
 15
 In this case, there was no plain error. Immediately before making the contested comment, the government had summarized all of the evidence. Given the context, the comment was no more than a submission to the jury that the presumption of innocence had been overcome by the evidence presented. Moreover, the government told the jury to follow the law as instructed by the court. The court properly instructed the jury, and there is no indication that the jury did not follow the court's admonition.
 
 
 16
 For the reasons stated, Garland's conviction is AFFIRMED.
 
 
 
 [1]
 The Honorable Charles W. Joiner, Senior United States District Court Judge for the Eastern District of Michigan, sitting by designation