**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Katina KEFALOS, Defendant–Appellant.**

No. 02–3396.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Katina Kefalos appeals her judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

A jury convicted Kefalos of one count of willful tax evasion, a violation of 26 U.S.C. § 7201. She was sentenced to twenty-seven months of imprisonment to be followed by three years of supervised release.

In her timely appeal, Kefalos argues that the district court violated her Sixth Amendment right to counsel because she did not knowingly and voluntarily waive counsel and express her desire to proceed *pro se.*

While Kefalos's case was proceeding to trial, five different appointed attorneys successfully moved to withdraw, citing various conflicts. From a review of the trial record, it is apparent that these conflicts all had their genesis in Kefalos's intent to champion hackneyed and frivolous tax-protestor defenses at trial, her outright refusal to participate in her defense, or her belief that none of the appointed attorneys understood the tax code with the matchless insights she possesses.

A criminal defendant must knowingly and voluntarily waive the benefits associated with the right to counsel before being allowed to represent herself. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Before finding that a defendant has knowingly and voluntarily waived counsel, however, a trial court must inform her of the "dangers and disadvantages of self-representation, so that the record will establish that '[s]he knows what [s]he is doing and h[er] choice

is made with eyes open.'" *Id.* (quoting *Adams v. United States,* 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

Upon review, we conclude that Kefalos made her choice with her eyes open. The district court painstakingly assured that Kefalos understood the dangers of proceeding pro se. *See United States v. McDowell,* 814 F.2d 245, 250 (6th Cir. 1987). Although Kefalos refused to express orally her desire to proceed pro se, it is clear from the record that Kefalos sought to halt the judicial process by simultaneously refusing appointed counsel and declining self-representation. A defendant's refusal to accept one of those options does not create a safe haven from criminal proceedings. Rather, after informing a defendant of the dangers of self-representation, the court can treat a subsequent refusal to accept appointed counsel as the functional equivalent of a knowing and voluntary waiver of counsel. *United States v. Grosshans,* 821 F.2d 1247, 1252 (6th Cir.1987).

For these reasons, the district court's judgment is affirmed.