[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19 2000
THOMAS K. KAHN
CLERK

No. 98-3701

D.C. Docket No. 98-00193-Cr-T-24E

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

versus

DARYL EDWARDS,

Defendant- Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(May 19, 2000)**

Before DUBINA and BLACK, Circuit Judges, and BECHTLE[*], Senior District
Judge.

BECHTLE, Senior District Judge:

---

[*]Honorable Louis C. Bechtle, Senior U.S. District Judge for the Eastern District of Pennsylvania,
sitting by designation.

Daryl Edwards was indicted and charged in a two count indictment with conspiracy to distribute drugs in violation of 21 U.S.C. § 846 and drug distribution in violation of and 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 . Edwards was arrested on June 8, 1998 and, on the same day, made his initial appearance before a magistrate judge in the United States District Court for the Middle District of Florida. Edwards' trial began on July 7, 1998. Edwards was convicted and sentenced to life imprisonment. Edwards contends that his trial was held on the twenty-ninth day after his initial appearance with counsel and arraignment on the indictment (held simultaneously) in violation of 18 U.S.C. § 3161(c)(2), thus warranting a new trial. Because Edwards does not show prejudice stemming from the timing of his trial, we will affirm the judgment of the district court. Edwards also contends that he was denied his right to effective cross-examination when the district court did not permit defense counsel to inquire regarding a plea agreement signed by Kenny Eason, a witness who testified against Edwards. Because any such alleged error would be harmless beyond a reasonable doubt, we will affirm the judgment of the district court.

# I. BACKGROUND

On May 14, 1998, a federal grand jury of the United States District Court for the Middle District of Florida, Tampa Division, returned an indictment charging Daryl Edwards and Kenny Eason with conspiracy to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S. C. § 841(a)(1) and 18 U.S.C. § 2. Eason pled guilty to the conspiracy count.

On June 8, 1998, Edwards was arrested, made an initial appearance with counsel and was arraigned before a magistrate judge. Edwards' counsel sought to protect the trial dates of July 18 to August 8, 1998, due to long standing vacation plans.[1] The district court granted Edwards' motion for protection and ordered that the case would remain on the trial calendar for July. Edwards did not object to the disposition of the motion. Edwards' trial began on July 7, 1998 and Edwards' counsel indicated that he was ready to proceed. After a two-day trial, Edwards was convicted on both counts in the indictment. The district court sentenced Edwards to life imprisonment.

---

[1] Edwards' original Motion for Protection of Trial Dates or in the Alternative Motion for Continuance stated that it sought to protect the dates of July 8 to August 8, 1998. Subsequently, at a status conference held June 17, 1998, Edwards' counsel clarified that he only sought protection beginning July 18, 1998.

At trial, the government presented evidence that Edwards sold drugs on two occasions to an informant. Edwards acknowledged his involvement and presented evidence that he too was acting as a government informant. The government did not dispute that Edwards acted as an informant, but asserted that Edwards was not acting as an informant on these two occasions.

The government's chief witness, Kenny Eason, testified that he bought the drugs from Edwards. Eason testified pursuant to a plea agreement in which he agreed to cooperate. At the time of his testimony, Eason had not been sentenced. During the cross-examination of Eason, the following exchange took place:

Q:    What is your understanding of the penalty that you were facing as a, what, you told us a two-time drug loser? You got two prior convictions for drugs?

A:    That's correct.

Q:    Were you advised of what the penalty is for being convicted a third time in federal court for . . . dealing drugs?

A:    Yes.

Q:    What were you told?

[PROSECUTOR]: Objection. Relevance.

THE COURT:    Overruled.

A:    It was a penalty carry a life sentence.

4

[BY EDWARDS' COUNSEL]:

Q:     And that is life without parole, is that not true?

A:     That's correct. . . .

Q:     Would it be fair to say that you would prefer not to do a life sentence if you had the option not to do a life sentence? . . .

A:     No, I wouldn't want to do a life sentence, no. . . .

Q:     When was the first time you were spoken to by anybody from law enforcement?

A:     . . . Monday of last week, it was. . . .

Q:     Okay.  Was that after you entered into a plea agreement?

A:     Yes.

Q:     That was after you knew you were facing [a] mandatory life sentence?

A:     Yes.

Q:     And you were – were you told that this was your only out from under a life sentence would be to enter a plea agreement and agree to testify for the Government.

[PROSECUTOR]:  Your Honor, objection.

THE COURT:     Sustained.

R2-35-36, 39-40.  The prosecutor did not state its basis for the objection, and the defense did not proffer grounds for admissibility.

5

## II. DISCUSSION

*A.      18 U.S.C. § 3161(c)(2)*

Edwards asserts that his trial began in violation of the Speedy Trial Act because only twenty-nine days passed between his initial appearance and the start of his trial.  Pursuant to the Speedy Trial Act, a criminal trial should not begin "less than thirty days from the date on which the defendant first appears."  18 U.S.C. § 3161(c)(2).  The government concedes that it violated  section 3161(c)(2).  Edwards asserts that such a per se violation of 3161(c)(2) entitles him to a new trial.  *See United States v. Darby*, 744 F.2d 1508, 1520 (11th Cir. 1984) (applying "literal construction" of section 3161(c)(2) in determining starting point for thirty day period in affirming district court's denial of motion for continuance where counsel was changed); *United States v. Mers*, 701 F.2d 1321, 1331-35 (11th Cir. 1983) (holding that section 3161(c)(2) in no way requires that time otherwise excludable in determining delay under Speedy Trial Act should not be excluded if it occurs in first thirty day interval).[2]  *See also United States v. Daly*, 716 F.2d 1499, 1506 (9th Cir. 1983) (stating that "any pretrial preparation shorter than thirty days is inadequate per se").

---

[2]  Neither *Darby* nor *Mers* address the issue Edwards presents in this case.

6

The United States Court of Appeals for the Fifth and Sixth Circuits have held that defendants must show prejudice in order to receive a new trial under section 3161(c)(2). *See United States v. Cisneros*, 112 F.3d 1272, 1277 (5th Cir. 1997) (stating prejudice requirement); *United States v. Storm*, 36 F.3d 1289, 1294 (5th Cir. 1994) (same); *United States v. Marroquin*, 885 F.2d 1240, 1245 (5th Cir. 1989) (same); *United States v. Grosshans*, 821 F.2d 1247, 1252-53 (6th Cir. 1987) (same). The rationale for the prejudice requirement is that because Congress failed to provide a sanction for the violation of section 3161(c)(2), a defendant must show that he was prejudiced by such violation. *Storm*, 36 F.3d at 1294; *Marroquin*, 885 F.2d at 1245; *Grosshans*, 821 F.2d at 1252-53. We adopt the reasoning of the Fifth and Sixth Circuits and hold that a defendant must show prejudice in order to receive a new trial following a violation of 18 U.S.C. § 3161(c)(2).

In this instance, the record shows that Edwards suffered no prejudice that hampered his ability to prepare for trial. Indeed, in his motion for protection of trial dates, Edwards' counsel indicated he was "available for trial the first week of July" 1998 and sought a continuance of the trial only because a trial would interfere with his long standing vacation plans. R1-20. At the June 17, 1998 status conference, Edwards' counsel indicated that he had already received discovery and

7

a proposed plea agreement from the United States, had reviewed those documents with Edwards and was awaiting Edwards' instructions concerning the plea agreement. 1SR1-2-3. When the court decided to leave Edwards' case on the trial calendar during the period of July 1 to 18, Edwards' counsel acquiesced in the court's decision. Lastly, when the district court called the case for trial on July 8, Edwards' counsel announced that he was ready to proceed. 1SR3-2. Under these circumstances, the record shows that Edwards did not suffer any prejudice as a result of the district court's failure to afford him an extra day of trial preparation as required by the Speedy Trial Act. Thus, we will affirm the judgment of the district court.[3]

### B. Right to Effective Cross-Examination

Edwards asserts that he was denied his Sixth Amendment right to confront the witnesses against him when the district court did not permit defense counsel to

---

[3] The government also asserts that Edwards waived any claim that he suffered prejudice from the district court's failure to comply with section 3161(c)(2) because he did not object in the district court to the commencement of trial on the twenty-ninth day or seek a continuance to prepare for trial. *See United States v. Schensow*, 151 F.3d 650, 654 (7th Cir. 1997), cert. denied, 525 U.S. 1059 (1998) (stating that review of speedy trial violation limited to plain error where defendant failed to raise issue before district court); *Grosshans*, 821 F.2d at 1253 (holding that defendant waived right to raise on appeal violation of Speedy Trial Act where claim not raised in district court); *United States v. Ferguson*, 776 F.2d 217, 221-22 (8th Cir. 1985) (same). Because we find that Edwards has not shown prejudice, it is not necessary to address this argument.

inquire regarding Eason's plea agreement. The Sixth Amendment guarantees criminal defendants the right to confront the witnesses against them. *Davis v. Alaska*, 415 U.S. 308, 315 (1974). When a witness testifies pursuant to a plea agreement, he is subject to cross-examination about the benefits he expects to receive as well as his obligations under its terms. *See Mills v. Singletary*, 161 F.3d 1273, 1288-89 (11th Cir. 1998); *United States v. Taylor*, 17 F.3d 333, 340-41 (11th Cir. 1994). Sixth Amendment Confrontation Clause violations are subject to the harmless error standard. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (stating that "[t]he correct inquiry is whether, assuming the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt").

The record shows that on direct examination, Eason testified that he had previously been convicted twice for selling cocaine, that he pled guilty to conspiracy to distribute cocaine and that he was testifying at trial pursuant to a plea agreement with the United States with the expectation that his sentence would be reduced. R2-9-10. On cross-examination, Eason testified that he faced a life sentence without the possibility of parole for his involvement in the conspiracy and that he did not want to be incarcerated for the rest of his life. R2-35-36. Thus, the cross-examination exposed Eason's motive for testifying and was sufficient to

9

permit the jury to judge Eason's credibility. In addition, the record shows that the government presented overwhelming evidence against Edwards regarding his sale of drugs on two occasions to an informant. Under these circumstances, even assuming a Confrontation Clause violation, any error is harmless beyond a reasonable doubt . Thus, we will affirm the judgment of the district court.

## III. CONCLUSION

We affirm the judgment of the district court.

AFFIRMED.