[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14519
Non-Argument Calendar

_____

D. C. Docket No. 04-00084-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOSEA ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 12, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Hosea Allen appeals his convictions under one count of distributing crack

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of distributing in excess of five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).

During the trial in March, 2005, the district court excluded testimony by Teresa Veal, the government's confidential informant and key witness on the first count, regarding a negotiated plea to misdemeanor simple battery, in lieu of an aggravated assault charge, that she had entered into two weeks prior to testifying against Allen. Allen's counsel orally opposed the government's motion to exclude the evidence. During his argument, Allen also raised for the first time a 2004 arrest of Veal that had occurred after she began cooperating with the authorities and that had never been prosecuted. The court prohibited Allen from cross-examining Veal regarding the recent plea agreement or the 2004 unprosecuted arrest.

On appeal, Allen argues that the court's decision limiting his cross-examination violated his constitutional right to confront witnesses and was an incorrect application of the Federal Rules of Evidence. Allen argues that the excluded evidence would have given the jury a better idea of Veal's motivation to give testimony favorable to the government. As Veal was a key witness, Allen argues that this error was not harmless and affected his substantial rights. He

further argues that Veal's testimony was so important to the case as a whole that the court's error infected the validity of the evidence as to count two, and that therefore we should overturn both his convictions.

I.

Assuming arguendo that Allen successfully preserved this issue, he must persuade this court that the district court's interpretation of the rules of evidence was an abuse of discretion, and that the court's error affected his substantial rights. United States v. Stephens, 365 F.3d 967, 974 (11th Cir. 2004). Under the substantial rights prong, an "erroneous evidentiary ruling is a basis for reversal only if the defendant can demonstrate that the error probably had a 'substantial influence' on the jury's verdict." Id. at 977.

Allen argues that he should have been permitted to introduce evidence that Veal was not prosecuted for a cocaine arrest, and had a felony aggravated assault charge reduced to a misdemeanor battery two weeks before her testimony. Allen argues that this evidence goes to Veal's motive for cooperating with the government. Federal Rule of Evidence 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

3

Fed. R. Evid. 404(b). According to Allen, the additional evidence would have undermined Veal's credibility by showing that she had a motive to lie.

We conclude that Allen's substantial rights were not affected by the exclusion of the testimony. Allen had other evidence that established that Veal had a reason to cooperate with the government. Allen was able to cross-examine Veal extensively about her November 7, 2002 arrest for cocaine trafficking and the terms of her agreement to become a government informant. On cross-examination Veal further elaborated on the "cocaine charge," admitting that it was actually several counts, including a firearms count. Veal testified that she faced a minimum sentence of 10 years and a maximum sentence of 30 years on the cocaine trafficking charge. She also testified that she would have received an additional mandatory 5 year sentence for her firearm charge. These charges were dropped because of Veal's cooperation with the government. Allen's counsel was able to elicit the seriousness of the penalty that Veal had faced, as well as the fact that she did not want to go to prison, and that she was able to avoid all penalties for the charges by working as an informant for the police. Finally, the testimony allowed at trial was sufficient to equip Allen's counsel to argue strongly against Veal's credibility in his closing argument.

Therefore, even if the district court erred in excluding the testimony about

4

Veal's other arrests, Allen had ample opportunity to cast doubt on Veal's credibility. The jury was well aware that Veal became an informant in exchange for government assistance with her criminal charges. We conclude that Allen's substantial rights were not affected by the exclusion of testimony of Veal's additional arrest and conviction.

## II.

Similarly, assuming arguendo that Allen raised his constitutional argument below,[1] we also review the district court's decision to restrict his cross-examination of Veal for abuse of discretion. United States v. Baptista-Rodriguez, 17 F.3d 1354, 1371 (11th Cir. 1994).

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" Delaware v. Van Arsdall, 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination," especially as it exposes a

---

[1] It is not entirely clear that Allen successfully preserved his constitutional objection below. See United States v. Zinn, 321 F.3d 1084, 1090 n.7 (11th Cir. 2003) ("we are unpersuaded that counsel's vague reference to Appellant's 'Constitutional rights' was sufficient to preserve his objections for appeal").

witness's motivation. Davis v. Alaska, 415 U.S. 308, 315-17, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974) (citing Greene v. McElroy, 360 U.S. 474, 496 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959)). "Full cross-examination is particularly critical when the examinee is a chief government witness." Baptista-Rodriguez, 17 F.3d at 1366.

Even if the court did err, we will not reverse unless the error was not harmless. United States v. Edwards, 211 F.3d 1355, 1359 (11th Cir. 2000) (holding any Confrontation Clause error harmless, because the defendant had been able to expose the witness's motive for testifying). In determining whether a Confrontation Clause violation constitutes harmless error, the court should consider several factors, including the importance of the witness's testimony, whether the testimony was cumulative, the presence or absence of corroborating or contradicting testimony of the witness on material points, the extent of cross-examination permitted, and the overall strength of the prosecution's case. Van Arsdall, 475 U.S. at 684, 106 S. Ct. at 1438. "The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination." United States v. Taylor, 17 F.3d 333, 340 (11th Cir. 1994).

We conclude that any error in this case was harmless. As discussed above,

6

Allen was able to argue that Veal was testifying in exchange for government assistance on her own criminal charges. Both Officer Gray and Veal testified that she began working for Gray as an informant after he had arrested her "on a cocaine charge." They both also testified that she was paid for her help.

Moreover, the rest of the government's case against Allen was sound. Veal's testimony was clearly very important to the government's case against Allen under count one, and it was not cumulative. However, it was slightly less critical than Allen would portray it, as two other witnesses identified Allen as the individual who met Veal at the park to sell her cocaine. Even assuming that the negotiated plea and arrest had been admitted, this would only have shown that Veal had a stronger reason to cooperate, not a new one. Further, it would not have added any weight to the argument that she had gone so far as to fabricate testimony for the government. Given the cross-examination that did take place, Allen's counsel made all these arguments about Veal's credibility in his closing. See Burston 159 F.3d 1328, 1336-37 (11th Cir. 1998) (holding that the district court's refusal to admit evidence regarding a witness's past criminal history was harmless error because of the extensive impeachment evidence already presented).

Based on the foregoing, we find beyond a reasonable doubt that any error committed was harmless, and therefore that none of Allen's substantial rights were

7

affected. Given this result, Allen's argument that the court's error also infected count two is moot.

**AFFIRMED.**