[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 21, 2008
THOMAS K. KAHN
CLERK

No. 07-12997
Non-Argument Calendar

_____

D. C. Docket No. 07-20065-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 21, 2008)**

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Phillip Taylor appeals his convictions and sentences for conspiracy to import

and possess with intent to distribute 100 kilograms or more of marijuana, and

importation and possession with intent to distribute 100 kilograms or more of marijuana. After a thorough review of the record, we affirm Taylor's convictions and sentences.

## I.

Taylor was indicted along with four others for conspiracy to import 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 952 and 963 (count 1); importation of 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 952 (count 2); conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (count 3); and possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841 (count 4).

At trial, two of Taylor's codefendants testified for the government pursuant to plea agreements. Delton Cash testified that he knew Taylor and had bought drugs from Taylor in the past. Defense counsel objected to this testimony as improper Fed. R. Evid. ("Rule") 404(b) evidence and moved for a mistrial and a limiting instruction. The government responded that the conduct was part of the charged conspiracy. Although the court concluded that the evidence was not improper, as it explained the relationship between Cash and Taylor and thus was inextricably intertwined, the court had the answer stricken from the record and

2

instructed the jury to disregard it. The court, however, denied the motion for a mistrial.

Cash then explained that he had been recruited to pick-up drugs with two others and that on the evening of the pick-up, he spoke with Taylor by cell phone several times and followed Taylor's instructions to pick up the drugs. When questioned about the amount of money found on him when he was arrested, Cash stated that he only had a small amount of money from buying drugs from Taylor. The court instructed the jury to disregard the statement.

In his testimony, Freeman Robins stated that he was involved in transporting the drugs by boat from the Bahamas to Miami. While on the boat, he heard Saunders on the phone with Taylor discussing the delivery.

The government submitted certified copies of the phone records. The records showed several calls between Cash and Taylor and between Cash and the other defendants on the night of the arrests. Defense counsel objected under the Confrontation Clause and Crawford, citing United States v. Wittig, 2005 WL 1227790 (D. Kan. 2005), in support of his argument. The court overruled the objection, finding that the records were not testimonial under Crawford, were normal business records, and had not been kept in anticipation of litigation.

The jury convicted Taylor of all four counts, further finding that the amount

of drugs was at least 300 kilograms.

In determining Taylor's sentencing guidelines range, the probation officer listed Taylor's criminal history, which included numerous convictions for driving without a valid license or with a suspended license. Taylor also had probation with adjudication withheld for battery on a law enforcement officer, obstruction, and carrying a concealed weapon. Although not all of these charges and convictions resulted in criminal history points, Taylor's criminal history category was IV and the resulting guidelines range was 121 to 151 months' imprisonment.[1] Taylor objected to inter alia, his criminal history category, asserting that the category overstated the seriousness of his criminal record.

At sentencing, the court noted that the PSI showed Taylor repeatedly flouted the law and his conduct was not limited to driver's license violations. The court considered the overall impact of criminal activity and concluded there was no basis to establish the category over-represented Taylor's criminal record. The court sentenced Taylor to 96 months' imprisonment. Taylor now appeals, challenging (1) the admission of character evidence; (2) the admission of the phone records; and (3) his sentence.

---

[1] The probation officer determined the offense level to be 29. Based on issues not relevant to this appeal, the district court determined the level to be 26, resulting in a lower guidelines range of 92 to 115 months' imprisonment.

II.

A. Character Evidence

Taylor argues that Cash's testimony regarding prior drug sales was improper character evidence that should not have been admitted because the evidence was not inextricably intertwined, was inadmissible under Rule 404(b), and was prejudicial.

We review a district court's decision to allow the admissibility of evidence for abuse of discretion. United States v. Hands, 184 F.3d 1322, 1326 (11th Cir. 1999).

We conclude that there was no error or abuse of discretion. Cash gave a spontaneous statement that he purchased drugs from Taylor on previous occasions. Taylor requested, and received, a limiting instruction; the court had the statement stricken from the record and issued a curative instruction to the jury to disregard the testimony as it was not relevant to the charges against Taylor. This court presumes the jury follows the court's instructions. United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1996).

B. Phone Records

Taylor next argues that the court erred by concluding the phone records were not testimonial evidence. In support of his argument, he cites Wittig, 2005 WL

5

1227790 (holding that business records certified under Fed. R. Evid. 902(11) were testimonial).

The question of whether hearsay statements are "testimonial" for purposes of the Confrontation Clause is a question of law which we review de novo. United States v. Underwood, 446 F.3d 1340, 1345 (11th Cir.), cert. denied, 127 S.Ct. 225 (2006). We review for harmless error alleged violations of the Confrontation Clause. United States v. Hunerlach, 197 F.3d 1059, 1067 (11th Cir. 1999). If a defendant fails to timely object to an alleged Confrontation Clause violation, we review the claim for plain error. United States v. Arbolaez, 450 F.3d 1283, 1291 (11th Cir. 2006).

To preserve an argument on appeal, a defendant need only raise the issue "in such clear and simple language that the trial court may not misunderstand it." United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) (citation omitted). Only "if [the defendant's] point is so obscurely hinted at that the trial court quite excusably may fail to grasp it" will this court conclude that the objection was not properly preserved. Id. at 1087-88. Thus, this court does not require an "exhaustive explanation from the defendant justifying his objection in order to preserve it, but simply a statement clear enough to let the district court know upon what legal basis the objection rests." See id.

6

Here, Taylor's objection before the district court raised Confrontation

Clause violations and Crawford.  Although he did not challenge the authenticity of

the certificates, he did cite Wittig, which addressed the certification under Rule

902(11) and concluded that such evidence was testimonial under Crawford.  On

appeal, Taylor raises only the certification issue.  We need not address whether the

argument was preserved because, if Taylor is not entitled to relief under de novo

review, he would not meet the more stringent requirements of plain error.[2]

In Crawford, the Supreme Court held that the Sixth Amendment's

Confrontation Clause bars the admission of out-of-court testimonial statements

offered for the truth of the matter asserted, unless the declarant is unavailable and

the defendant had a prior opportunity for cross-examination.  541 U.S. at 59 n.9.

The Supreme Court, however, declined to "spell out a comprehensive definition of

'testimonial.'"  Id. at 68.  The distinction is significant because non-testimonial

hearsay is not subject to the Confrontation Clause.  See Davis v. Washington, 547

U.S. 813, 126 S.Ct. 2266, 2273-78, 165 L.Ed.2d 224 (2006).  The Court did

describe the minimum coverage of "testimonial" status, holding that: "it applies at

a minimum to prior testimony at a preliminary hearing, before a grand jury or at a

former trial; and to police interrogations."  Id. at 68.  Without adopting a particular

---

[2] Moreover, this circuit has not addressed business records and certification under Crawford. Where neither the Supreme Court nor this court has addressed an issue, there can be no plain error. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

formulation of the core class of "testimonial" statements, the Court did mention three: (1) "ex parte in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially", 541 U.S. at 51; (2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions" id.; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id.  The common factor in these examples is that all involve statements made under circumstances which would lead the declarant to believe that the statement would be available for use at a later trial.  United States v. Underwood, 446 F.3d 1340, 1346-1347 (11th Cir. 2006) (citing United States v. Saget, 377 F.3d 223, 229 (2nd Cir. 2004)).  Notably, in Crawford, the Supreme Court suggested that business records were not, "by their nature," testimonial.  Crawford, 541 U.S. at 51.

Here, the phone records were not prepared in anticipation of litigation and, as business records, they are non-testimonial and not subject to the Confrontation Clause.  Even assuming arguendo that the records were a testimonial statement, their admission was harmless error.  See United States v. Edwards, 211 F.3d 1355,

8

1359 (11th Cir. 2000) (stating that the harmless error doctrine applies to violations of the Confrontation Clause). The records identified several calls between the various defendants on the night of the drug delivery. But both Cash and Robins testified that there had been calls between Taylor and the others that night. Thus, the records were cumulative, and any error in their admission was harmless.

C. Sentencing

Finally, Taylor asserts that his criminal history category over-represented his criminal activity and he contends that a downward departure was warranted, given that all of his offenses involving driver's license violations occurred before he reached the "young age of twenty-seven."[3]

"A district court's refusal to depart downward from the sentencing guideline range is not reviewable on appeal, unless the district court denied the departure because it erroneously believed that it had no authority to depart downward." United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Here, there is no indication that the district court erroneously believed that it lacked the authority to depart downward. Thus, we lack jurisdiction to consider this argument.

To the extent that Taylor requested a downward variance, we review the final sentence imposed by the district court for reasonableness. Winingear, 422 F.3d at 1244. Unreasonableness may be procedural, when the court's procedure

---

[3] According to the PSI, Taylor was born in 1974. He was 32 at the time of sentencing.

does not follow Booker's[4] requirements, or substantive. See Gall v. United States, 552 U.S. ----, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 128 S.Ct. at 597. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. Review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at 600.

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the

---

[4] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline imprisonment range, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (4), and (6).

The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with Taylor. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

With regard to the procedural reasonableness of Taylor's sentences, the district court did not err in its sentencing procedure. Taylor does not dispute the PSI calculations and he did not explicitly move for a downward departure pursuant to U.S.S.G. § 4A1.3. Moreover, the record demonstrates that the district court expressly stated that it considered the sentencing factors set forth in § 3553(a), along with the parties' arguments, and sufficiently explained its reasons for imposing the sentences.

Taylor also has not established that his sentences are substantively unreasonable. The district court considered Taylor's criminal history and the need to deter and protect the public in determining reasonable sentences.

III.

For the foregoing reasons, we AFFIRM Taylor's convictions and sentences.